AUGUST HARTKORN, JR., v. THE PATERSON AND PAS-
SAIC GAS AND ELECTRIC COMPANY.

Submitted July 5, 1901—Decided November 11, 1901.

Demurrer to a declaration for libel—*Held*, that the plaintiff's pleading set out an actionable publication.

---

On demurrer to declaration.

A declaration for libel, after the formal averments, charges that "the defendant, its officers and agents caused to be published in a Passaic daily paper, and known as the 'Passaic Daily Herald,' in which they, well knowing and maliciously, describe and refer to the plaintiff and his place of business and setting forth the plaintiff as a common thief, meaning that the plaintiff did unlawfully and willfully take, keep and use for his own benefit electricity which did not belong to him and belonging to the defendant, and also that he had a wire, which they state was a private wire, unknown to the defendant, which conducted the current of electricity into the premises of the said plaintiff, and which did not register in the said defendant's meter, and that he, the plaintiff, was and did willfully and fraudulently cheat the defendant of its just rights, and stating that they would bring suit against the plaintiff for the extra light consumed, meaning that the plaintiff was then and there, without the knowledge and consent of the owner, burning and stealing electricity of the said defendant, and that an action would be brought against him to recover the amount of the extra amount of the light consumed."

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Bakelaar & Gardner.*

For the defendant, *Thomas M. Moore.*

The opinion of the court was delivered by

GARRISON, J. The ground of demurrer is that the declaration does not contain a statement of the particular words complained of, but sets forth in their stead the substance only of the supposed libel. This criticism is well founded as to the clause "setting forth the plaintiff as a common thief;" but as to the charge that the defendant caused to be published that the plaintiff had a wire unknown to the defendant, &c., the

criticism is borne out by the plain import of the language of the *narr.* With respect to this latter charge the plaintiff's pleading purports to state just what the defendant caused to be published, which included the published statement that the plaintiff "was and did willfully and fraudulently cheat the defendant."

Despite the disregard of grammar in the construction of this statement, it would, I think, be generally taken to be sufficiently derogatory to the reputation of the plaintiff to be actionable.

The demurrer is overruled.